JUDGE FURMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 7790

------------------------------------------------------------------X

MONRELL MILES,

                    Plaintiff,

        - against -

THE CITY OF NEW YORK, a municipal corporation,
NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE JUGONY ROSADO (SHIELD NO.:
5109), DETECTIVE LIAM McLOUGHLIN
(SHIELD NO.: 6006), DETECTIVE FRANK
FELICIANO (SHEILD NO.: 2594), "JOHN and/or
JANE DOES" Nos. 1, 2, 3, etc. (whose identities are
unknown but who are known to be police officers and
employees of the New York City Police Department);
"RICHARD and/or RACHEL ROES" Nos. 1, 2, 3, etc.
(whose identity is unknown but who are known to be
supervisory personnel of the New York City Police
Department), all of whom are sued individually and
in their official capacities,

                 Defendants.

------------------------------------------------------------------X

**Index Number:** _ _ _ _ _ _ _

**COMPLAINT**



    The plaintiff, MONRELL MILES, complaining of the defendants by his attorney,

RICHARD L. GIAMPA, ESQ., P.C., respectfully shows to this Court and alleges as follows

upon information and belief:

### JURISDICTION

    1.    This federal civil rights action is brought pursuant to 42 U.S.C. §§ 1983, 1985,

1986 and 1988 and the First, Fourth, Fifth and Fourteenth Amendments to the United States

Constitution, and pursuant to Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New

York.

2.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## VENUE

3.     Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which a substantial part of the events giving rise to plaintiff's claim occurred.

## PARTIES

4.     At all relevant times, plaintiff was and is a citizen of the United States. The plaintiff resides at 507 Gomillion Avenue, Tuskegee, Alabama 36083.

5.     At all relevant times, defendant CITY OF NEW YORK ("CITY") was and is a municipal corporation organized and existing under the laws of the State of New York with its principal offices located at City Hall and One Centre Street, New York, New York.

6.     At all times mentioned, the New York City Police Department ("NYPD") was a department or agency of the CITY that was and is responsible for the appointment, training, supervision, promotion and discipline of police officers of the NYPD, including defendants DETECTIVE JUGONY ROSADO, DETECTIVE LIAM McLOUGHLIN and DETECTIVE FRANK FELICIANO, and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc., and RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc.

## ADMINISTRATIVE PROCEEDINGS

7.     On February 8, 2012, pursuant to New York State General Municipal Law § 50-e(1), plaintiff served defendant CITY with a Notice of Claim.

8.     More than thirty (30) days have elapsed since plaintiff's Notice of Claim was served on defendant CITY.

9.      Plaintiff appeared and was questioned at an administrative hearing pursuant to New York General Municipal Law Section 50-h on July 6, 2012.

10.     This action has been commenced within the one-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1986, within one year and ninety-days after the state law causes of action set forth herein accrued, and within the three year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1983.

11.     Plaintiff is not barred from bringing the within action in Federal Court and plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## FACTUAL ALLEGATIONS

### August 18, 2011
### Docket No.: 2011NY061552

12.     At approximately 8:05 pm on the evening of August 18, 2011, plaintiff MONRELL MILES, a 28 year old African-American male, was lawfully present on the sidewalk outside of 1695 Grand Avenue, Bronx, New York when Defendants, including NYPD and DETECTIVE JUGONY ROSADO, approached him based upon an unlawful and prextextual reason and identified themselves as police officers.  Plaintiff complied with Defendants' demands, identified himself as MONRELL MILES and stated that he was just standing outside 1695 Grand Avenue with his friends and was doing nothing wrong.

13.     Defendants, nonetheless, ignored plaintiff's pleas of innocence and proceeded to handcuff and search him.  The police did not recover any contraband from plaintiff's person.

14.     Defendants, nonetheless, forcefully arrested plaintiff and placed him in a police car in the absence of probable cause.

3

15.     Plaintiff was transported to the 46th precinct in Bronx County and then to Early Case Assessment Bureau in New York County where he was interrogated, and then to Bronx County Central Booking where he was unlawfully fingerprinted, photographed, and detained in a cell against his will.  Plaintiff was forced to endure the humiliation of a strip search while in Defendants' custody.

16.     Plaintiff was arraigned on October 27, 2011 in New York Supreme Court – Criminal Term.  Although Defendants' found no evidence or contraband on plaintiff and had no probable cause to arrest him, plaintiff was unlawfully charged with 1 count of PL 105.10(1), conspiracy in the 4th degree, 1 count of PL 265.03(2), criminal possession of a weapon in the 2nd degree, 6 counts of PL 265.03(3), criminal possession of a weapon in the 2nd degree, and 6 counts of PL 265.11(2), criminal sale of a firearm in the 3rd degree.  Plaintiff MONRELL MILES was held on $250,000.00 bail at his arraignment.

17.     Plaintiff was thereafter forced to appear in court on January 3, 2012.

18.     Plaintiff thereafter appeared in court on January 17, 2012 and the criminal charges against Plaintiff MONRELL MILES were dismissed by Honorable Justice Edward J. McLaughlin due to insufficient evidence.

## LIABILITY OF INDIVIDUAL DEFENDANTS

19.     Upon information and belief, at the times and places mentioned above, Defendants DETECTIVE JUGONY ROSADO, DETECTIVE LIAM McLOUGHLIN, DETECTIVE FRANK FELICIANO, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police

4

Department), all of whom are sued individually and in their official capacities, unlawfully suppressed plaintiff's freedom of speech.   Additionally, Defendants DETECTIVE JUGONY ROSADO, DETECTIVE LIAM McLOUGHLIN, DETECTIVE FRANK FELICIANO, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) wrongfully retaliated against plaintiff's exercise of his First Amendment rights by causing, in whole or in part, and by participating in, his unreasonable seizure and false arrest and imprisonment.

20.    Upon information and belief, at the times and places mentioned above, Defendants DETECTIVE JUGONY ROSADO, DETECTIVE LIAM McLOUGHLIN, DETECTIVE FRANK FELICIANO, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department), who ordered plaintiff's arrest, unlawfully retaliated against plaintiff's exercise of his First Amendment rights by causing him to be unreasonably seized and falsely arrested and imprisoned and/or by knowingly failing to prevent or intervene in his unlawful arrest and imprisonment.

21.    Upon information and belief, at the times and places mentioned above, the Defendants DETECTIVE JUGONY ROSADO, DETECTIVE LIAM McLOUGHLIN, DETECTIVE FRANK FELICIANO, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York

City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) intentionally and/or negligently inflicted emotional distress upon plaintiff.

22.     Upon information and belief, at all relevant times Defendants DETECTIVE JUGONY ROSADO, DETECTIVE LIAM McLOUGHLIN, DETECTIVE FRANK FELICIANO, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) participated in, supervised, ratified or tacitly approved the unlawful and malicious arrest, unlawful imprisonment and/or prosecution of plaintiff.

23.     The Defendants DETECTIVE JUGONY ROSADO, DETECTIVE LIAM McLOUGHLIN, DETECTIVE FRANK FELICIANO, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department), through their individual acts and omissions, were deliberately indifferent to, and acted in reckless disregard of, plaintiff's federal and state constitutional rights, privileges and immunities, and directly caused him to suffer the injuries and harm described above.

### LIABILITY OF DEFENDANT CITY OF NEW YORK

24.     Upon information and belief, all of the acts and omissions by the individual defendants were carried out with full knowledge, consent and cooperation, and under the supervisory authority of Defendant CITY.

6

25.     Upon information and belief, Defendant CITY by its policy-making agents, servants and employees, authorized, sanctioned and/or ratified these Defendants' wrongful acts and omissions; and/or failed to prevent or stop these acts and omissions; and/or allowed or encouraged these acts and omissions to continue.

26.     Moreover, upon information and belief, the acts and omissions of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the CITY, which is implemented by police officers of said CITY, inter alia: to summarily, without efforts to explain or conciliate, punish persons who question the manner, authority or directives of police officers of the CITY and/or who do not capitulate to every demand, whether proper or improper, made by said officers.

27.     Moreover, upon information and belief, the acts and omissions of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the CITY, which is implemented by police officers of said CITY, inter alia: to summarily, without justification, physically attack, arrest and/or abuse persons, particularly persons of color, in the absence of any need to resort to physical force.

28.     Upon information and belief, the existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and policymaking officers and officials of the NYPD and of the CITY for a substantial period of time.

29.     Upon information and belief, despite knowledge of such illegal de facto policies, customs and practices, the supervisory and policy-making officers and officials of the NYPD and of the CITY have not taken steps to terminate these policies, customs and practices; have not disciplined individuals who engage in such customs and practices; have not otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of

their authority; and have instead sanctioned and ratified these policies, customs and practices

through their deliberate indifference to, or negligent disregard of, the effect of said policies,

customs and practices upon the constitutional rights of persons, particularly persons of color, in

the CITY.

30.    Upon information and belief, and without limiting the foregoing, the Defendant

CITY has specifically failed to terminate said practices in the following manner:

      (a)    Has failed to properly train, instruct, and discipline police officers with regard to probable cause for arrest;

      (b)    Has failed to properly train, instruct and discipline police officers with respect to civilians' First Amendment-protected right to criticize or question police officers' behavior and conduct;

      (c)    Has failed to properly train, instruct, and discipline police officers with respect to use of their authority;

      (d)    Has failed to properly train, instruct, and discipline police officers with regard to their duty to protect civilians from another officer's misconduct; and

      (e)    Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers.

31.    The knowing and repeated failure of the Defendant CITY to properly supervise,

train and discipline said officers actually caused the injuries to plaintiff alleged herein.

32.    Upon information and belief, defendant CITY knew or should have known that

the acts alleged herein would deprive plaintiff of his rights without due process of law, in

violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution

and Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New York, including, without

limitation, plaintiff's rights to free speech, freedom from deprivation of liberty without due

process of law, freedom from unreasonable seizure, freedom from false arrest and imprisonment,

freedom from malicious prosecution, equal protection of the laws, and equal privileges and

immunities under the laws.

33.     Defendant CITY is also directly liable and responsible for the acts of the individual defendants under the doctrine of respondeat superior.

## FIRST CAUSE OF ACTION
(Constitutional Violations -- 42 U.S.C. § 1983)

34.     The Plaintiff MONRELL MILES hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

35.     Defendants, under color of state law, subjected plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

       (a)     freedom to engage in protected speech;
       (b)     freedom from unreasonable seizure of his person;
       (c)     freedom from arrest without probable cause;
       (d)     freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention plaintiff is aware and to which he did not consent;
       (e)     freedom from the lodging of false charges against him by police officers;
       (f)     freedom from malicious prosecution by police officers, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor;
       (g)     freedom from deprivation of liberty without due process of law; and
       (h)     equal protection, privileges and immunities under the laws.

36.     Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CAUSE OF ACTION
(Monell Claim Against Defendant CITY for Failure to Train, Supervise and Discipline
42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986 )

37.     The Plaintiff MONRELL MILES hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

38.    Defendant CITY, by and through its policymakers, created and maintained a custom, policy and/or practice of failing to adequately train, supervise and discipline its employees and agents, including the named and unnamed defendants in this case, regarding civilians' rights of free speech and obtaining probable cause to ensure that civilians not be falsely arrested, falsely imprisoned and maliciously prosecuted.

39.    Defendant CITY had actual or constructive notice of its failures to train, supervise and discipline its employees.  This is because defendant knew that it was foreseeable that officers would confront situations requiring knowledge of free speech rights and probable cause and that without the necessary training, supervision and discipline, constitutional violations would result. Yet Defendant CITY chose not to provide such training, supervision and discipline.

40.    This failure to train, supervise and discipline amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted the named and unnamed defendants to engage in the conduct which proximately and directly caused plaintiff's injuries and damages set forth above.

**THIRD CAUSE OF ACTION**
(Individual Supervisory Liability
42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986)

41.    The Plaintiff MONRELL MILES hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

42.    The individual supervisory defendants, were, at all relevant times, supervisory personnel in the NYPD, with oversight responsibility for the training, instruction, supervision and discipline of the named and unnamed individual police officer defendants who deprived plaintiff of his federal constitutional rights.

43.    The individual supervisory defendants knew or should have known that the individual defendant police officers were conducting unreasonable and retaliatory seizures and false arrests, and were maliciously prosecuting civilians and depriving civilians of their due process of law.

44.    The individual supervisory defendants were personally involved in failing to take preventative and remedial measures to guard against such constitutional deprivations, such that plaintiff would not be injured. The supervisory defendants knew, or in the exercise of due diligence, should have known, that the actions taken against plaintiff by the unnamed individual police officer defendants was likely to occur.

45.    The failure of the individual supervisory defendants to train, supervise and discipline the unnamed individual police officer defendants amounted to gross negligence, deliberate indifference or intentional misconduct which directly and proximately caused the injuries and damages to plaintiff set forth above.

## FOURTH CAUSE OF ACTION
(New York State Constitutional Violations)

46.    The Plaintiff MONRELL MILES hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

47.    Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, Article I, §§ 6, 8, 11, and 12, including his rights:

    (a)    freedom to engage in protected speech;
    (b)    freedom from unreasonable seizure of her person;
    (c)    freedom from arrest without probable cause;
    (d)    freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention plaintiff is aware and to which he did not consent;
    (e)    freedom from the lodging of false charges against him by police officers;

11

(f)     freedom from malicious prosecution by police officers, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor;

(g)     freedom from deprivation of liberty without due process of law; and

(h)     equal protection, privileges and immunities under the laws.

48.     Defendants' deprivation of plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth above.

## FIFTH CAUSE OF ACTION
### (False Arrest)

49.     The Plaintiff MONRELL MILES hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

50.     Acting under color of law, Defendants DETECTIVE JUGONY ROSADO, DETECTIVE LIAM McLOUGHLIN, DETECTIVE FRANK FELICIANO, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) unlawfully caused, ordered, approved and/or knowingly failed to prevent plaintiff's arrest without probable cause or other legal justification.

51.     The individual defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
### (False Imprisonment)

52.     The Plaintiff MONRELL MILES hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

53.     Acting under color of law, Defendants DETECTIVE JUGONY ROSADO, DETECTIVE LIAM McLOUGHLIN, DETECTIVE FRANK FELICIANO, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) and CITY unlawfully caused, ordered, approved and/or knowingly failed to prevent plaintiff's wrongful detention, thereby depriving him of his liberty without good faith, reasonable suspicion or other legal justification.

54.     Plaintiff was conscious of, and did not consent to, his confinement.

55.     The individual defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## SEVENTH CAUSE OF ACTION
(Malicious Prosecution)

56.     The Plaintiff MONRELL MILES hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

57.     Acting under color of law, Defendants DETECTIVE JUGONY ROSADO, DETECTIVE LIAM McLOUGHLIN, DETECTIVE FRANK FELICIANO, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) and CITY commenced and continued, and/or caused to be commenced and continued, a criminal prosecution against plaintiff that was lacking in probable cause, instituted in malice, and which ultimately terminated in plaintiff's favor.

13

58.     Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

59.     The Plaintiff MONRELL MILES hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

60.     The individual Defendants DETECTIVE JUGONY ROSADO, DETECTIVE LIAM McLOUGHLIN, DETECTIVE FRANK FELICIANO, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) by their aforementioned acts, did negligently cause plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

61.     The individual defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## NINTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

62.     The Plaintiff MONRELL MILES hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

63.     The individual Defendants DETECTIVE JUGONY ROSADO, DETECTIVE LIAM McLOUGHLIN, DETECTIVE FRANK FELICIANO, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc.

14

(whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) by their aforementioned acts, did negligently cause plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

## TENTH CAUSE OF ACTION
(Negligence of the Individual Defendants)

64.    The Plaintiff MONRELL MILES hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein

The individual Defendants DETECTIVE JUGONY ROSADO, DETECTIVE LIAM McLOUGHLIN, DETECTIVE FRANK FELICIANO, JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

    (a)    failed to perform their duties as a reasonably prudent and careful police officer or supervisor would have done under similar circumstances;

    (b)    carelessly and recklessly seized and detained plaintiff; and

    (c)    carelessly and recklessly arrested and detained plaintiff without a warrant or probable cause.

65.    The negligent actions of the individual defendants directly and proximately caused plaintiff's injuries and damages set forth above.

**WHEREFORE,** plaintiff demands the following relief against defendants, jointly and severally:

(a) a judgment declaring the actions and conduct of defendants unconstitutional;

(b) full and fair compensatory damages in an amount to be determined by a jury;

(c) punitive damages in an amount to be determined by a jury;

(d) reasonable attorney's fees and costs and disbursements of this action;

(e) pre- and post-judgment interest; and

(f) such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

A jury trial is hereby demanded.

Dated: Bronx, New York
      October 17, 2012

Yours, etc.,

S/

RICHARD L. GIAMPA, ESQ., P.C.
Attorney for the Plaintiff
MONRELL MILES
860 Grand Concourse, Suite 1H
Bronx, New York 10451
(718) 665-7700